# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-4051-CR-C-NKL |
| ) | |
| VARNELL LOUIS BRADLEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Varnell Bradley's ("Bradley") Motion to Reconsider Judgment [Doc. # 26]. For the reasons set forth below, the Court denies Bradley's Motion.

**I.     Background**

Bradley pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After his guilty plea, the Probation Office prepared a Pre-Sentence Investigation Report ("PSIR"). The PSIR considered each of three convictions as separate sentences and assigned three points to each past conviction in calculating Bradley's Criminal History Category. One conviction was for forgery and two were for domestic assault. The PSIR calculated that Bradley had 16 Criminal History Points, which corresponds with a Criminal History Category of VI. Combined with an offense level of 25, the PSIR recommended a sentencing range of 110 to 120 months under the sentencing guidelines. The Court ultimately found the appropriate guideline

1

range was 77-96 months and on August 11, 2005, the Court sentenced Bradley to 77 months.

On August 22, 2005, Bradley filed his pending Motion to Reconsider Judgment which the Court treats as a motion to correct judgment under Rule 35.  He claims that his sentence for forgery and his two sentences for domestic assault should be considered related and, therefore, his Criminal History Category is V and not VI.

## II. Discussion

### A. Whether Bradley's Motion is Timely

The Government asserts that Bradley's pending Motion is not timely under Fed. R. Crim. P. 35.  Rule 35 authorizes a court to alter a sentence within seven days from its issuance to correct a mathematical, technical, or other clear error.  Fed. R. Crim. P. 35(a). The Court issued its sentence on August 11 and lost jurisdiction to alter that sentence seven days thereafter.  *See United States v. Austin*, 217 F3d 595, 597 (8th Cir. 2000).  The filing of Bradley's motion does not extend the Court's jurisdiction.  Therefore, the Court has no jurisdiction at this time to amend Bradley's sentence.

### B. The Merits of Bradley's Motion

Even if Bradley's Motion was timely, the Court would not grant it.

#### 1. Bradley's Forgery Conviction as a Related Sentence

The federal sentencing guidelines provide that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second

2

offense)." U.S. Sentencing Comm. Guidelines Man. § 4A1.2 at n. 3. Bradley's sentence for forgery is clearly not related to his sentences for domestic assault because he was arrested and convicted for the forgery occurrence before either domestic assault occurred.

### 2. *Bradley's Domestic Assault Convictions as Related Sentences*

Even assuming the Court adopted Bradley's argument and considered his two domestic assault convictions to be related, that still would provide him no relief because - his forgery conviction is not a related sentence. If the Court adopted Bradley's proposed approach, it would still calculate the three convictions for a total of 5 (3+1+1) points under 4A1.1 and this would adjust his Criminal History Points to a 13, which still satisfies the guidelines' threshold for a Criminal History Category of VI. Thus, even if the Court adopted Bradley's argument regarding his two domestic assault convictions and lowered their point value to 1 each, it would still provide him no relief.

Furthermore, Bradley's argument regarding his two domestic assault convictions must also fail. The state trial court never formally consolidated Bradley's two cases for domestic assault, which means they are not related cases under the sentencing guidelines. Note 3 to section 4A1.2 of the sentencing guidelines states that prior sentences may be related if they "were consolidated for trial or sentencing." *Id.* The Eighth Circuit's interpretation of note 3 to section 4A1.2 holds that prior sentences are not related if "the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." *United States v. Mills*, 375 F.3d 689, 691 at n. 4 (8th Cir. 2004) (collecting cases). Thus, because Bradley's sentences for domestic assault were never

3

formally consolidated and they proceeded under different cases, they are not related.

Both the comments to the sentencing guidelines and controlling case law indicate that Bradley's three prior sentences are not related.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Bradley's Motion to Reconsider Judgment [Doc. # 26] is DENIED.


DATE: <u>September 21, 2005</u>　　　　　<u>s/ Nanette K. Laughrey</u>
Jefferson City, Missouri　　　　　　　　NANETTE K. LAUGHREY
　　　　　　　　　　　　　　　　　　　United States District Judge

4